## HOTCHKISS v. McWHORTER.

The court did not err in directing a verdict for the defendant, no other verdict being possible under the evidence.

No. 4049.    MAY 6, 1924.

Complaint. Before Judge Blair. Pickens superior court. November 10, 1923.

*E. W. Coleman,* for plaintiff.

*Morris, Hawkins & Wallace,* for defendant.

GILBERT, J. N. P. Hotchkiss sued M. E. McWhorter, to recover described land. The petition, as amended, alleges that the land was conveyed by the father of petitioner to Lizzie Hotchkiss, mother of petitioner, as trustee for him, by deed dated August 23, 1897, and duly recorded, when he was two years of age; that he attained his majority in February, 1916; that the trustee retained possession of the land, receiving the rents, issues, and profits until February 9, 1916; that on or about November 23, 1903, the trustee (who had married one Kirby) conveyed the property to A. W. McHan, her father, the grandfather of petitioner; that McHan at the time well knew the status of the title to the property to be as set out above; and that it was conveyed by deed dated December 30, 1918, from McHan to J. M. and L. M. Gee, and by deed dated January 2, 1920, from L. M. and J. M. Gee to McWhorter, the defendant. Upon the trial the court directed a verdict finding for the defendant. A motion by the plaintiff for a new trial was overruled, and error was assigned upon that judgment.

The court did not err in directing a verdict in favor of the defendant. The court was authorized to construe the deed as having the effect of creating a trust for the support of the plaintiff in this suit during his minority, and terminating the entire interest of the child on his attaining the age of twenty-one years. The instrument referred to as a trust deed, after reciting that the grantor and his wife "have separated and are now living apart from each other," and that by their marriage they have "a minor boy now between two and three years of age," and that in consequence of said separation the grantor "deems it his duty to make such provisions for the support of his said wife and for the maintenance of the child of said marriage . . as his means and financial condition permits," and after describing the property, provides as follows: "And it is hereby expressly mentioned and di-

rected by the said William H. Hotchkiss that the true intent and meaning of this conveyance are and shall be that the trust herein and hereby conveyed and created shall be limited to the period of minority of said child, Nathan Palmer Hotchkiss, and shall cease and determine when said child shall have arrived at the age of twenty-one (21) years; except that in event of death of said child before arriving at the age of twenty-one (21) years, then and in that event said trust shall cease and determine at the date of the death of said child. And it is further expressly mentioned and determined by said William H. Hotchkiss, that, for the purpose hereinbefore set forth, the said Lizzie Hotchkiss as trustee for said child as aforesaid may occupy, hold, use, and enjoy the property herein and hereby conveyed, and also the rents, uses, and profits of whatever kind and character of the same in any wise appertaining or belonging, as well for her own support as for the maintenance of said child, nevertheless with the exceptions, limitations, and conditions hereby and herein expressly mentioned and determined." It appears from the quoted provisions of the instrument that it is not an ordinary trust deed conveying the property in fee simple to a trustee for the benefit of a minor, where the trust becomes executed on the arrival of the cestui que trust at the age of twenty-one. Here the court was authorized to construe the instrument as creating a trust estate for the wife and the minor child, by the terms of which the estate granted to the child ceased and determined when he arrived at the age of twenty-one years. It will be observed that the consideration named was specified in the instrument to be the separation of husband and wife and the support and maintenance of the wife and minor child, imposed upon the grantor by operation of law. The grantor expressly directed "that the true intent and meaning of this conveyance are and shall be that the trust herein and hereby conveyed and created are and shall be limited to the period of minority of said child," etc. This is further emphasized by the provision quoted above, "that in the event of death of said child before arriving at the age of twenty-one (21) years, then and in that event said trust shall cease and determine at the date of the death of said child." Construing the entire instrument together in order to determine its true intent, the court was authorized to hold that the word "trust" in the sentence just quoted meant·"trust estate,"

and that on arrival of the minor child at the age of twenty-one his whole interest in the property ceased. This provision clearly meant that the entire interest of the child ceased and determined at the date of his death, if the same occurred before his arrival at the age of twenty-one years.

<em>Judgment affirmed.</em> <em>All the Justices concur.</em>